UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Latimer, | Case No. 23-cv-190 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell and William Bolin | |
| Defendants. | |

Plaintiff Mark Latimer, a prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) Mr. Latimer did not pay the filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2). The Court must address Mr. Latimer's IFP application before it takes any other action in this matter.

Because Mr. Latimer is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action … in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint ….
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from

>the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
>(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action.…
>
>(4) In no event shall a prisoner be prohibited from bringing a civil action … for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status are *not* excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and section 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In this case, Mr. Latimer's trust account statement shows that the amount of his average monthly deposits during the preceding six-month period was $21.95, while his average balance during the same period was $5.97. (*See* ECF No. 2). Because the deposits amount exceeds the balance amount, Mr. Latimer's initial partial filing fee in this case, under the formula prescribed by 28 U.S.C. § 1915(b)(1), will be 20% of the average deposits amount, or $4.39. This action will not go forward until Mr. Latimer pays in full his initial partial filing fee of $4.39. If Mr. Latimer elects to pursue this action through paying the $4.39 initial partial filing fee, he must pay <u>the</u>

2

entirety of the remaining balance of the $350.00 statutory filing fee in later installments.[1]  The Court will order prison officials to deduct funds from Mr. Latimer's trust account and submit such funds to the Court, as provided by section 1915(b)(2), regardless of whether Mr. Latimer succeeds in this action.  If Mr. Latimer does not pay his initial partial filing fee within 20 days of the date of this order, the Court will deem that he has abandoned this action, and will recommend that the case be dismissed without prejudice for lack of prosecution.  *See* Fed. R. Civ. P. 41(b).

The Court warns Mr. Latimer that if he pays the initial partial filing fee, the Court will review his Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A(a) to determine whether the Complaint—or any portion of it—"(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).  Here, a preliminary review of Mr. Latimer's Complaint reveals possible factual and legal deficiencies that may result in its dismissal pursuant to 28 U.S.C. § 1915(A)(1). Specifically, the Complaint does not specify whether the individuals Mr. Latimer names as defendants to this action under section 1983 are sued in their official or personal capacities.  Unless the Complaint specifically identifies that the defendants are sued in their personal capacities, the Court must construe the Complaint as suing the defendants in their official capacities.  *See Egerdahl v. Hibbing Comm. Coll.,* 72 F.3d 615, 620 (8th Cir. 1995).  This, in turn, may inform the scope of the relief available to Mr. Latimer.

Second, "to prevail on a [section] 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson,* 865 F.3d 1064, 1081

---

[1] The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On December 1, 2020, the district courts began to assess an additional $52.00 administrative fee, raising the total fee to $402.00.  The PLRA, however, applies only to the statutory filing fee.  Thus, Mr. Latimer is required to pay the unpaid balance of the $350.00 statutory filing fee — not the $402.00 total fee — in installments pursuant to section 1915(b)(2).

(8th Cir. 2017) (citing *Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009)). As currently written, Mr. Latimer's Complaint may be deficient because it does not specifically identify how any named defendant violated his civil rights.

If Mr. Latimer intends to proceed with this action, he should strongly consider submitting an amended complaint addressing these deficiencies. The amended complaint must be a stand-alone document; that is, the amended pleading must include all of the allegations and all of the claims Mr. Latimer intends to raise in this litigation, without reference to or incorporation of the original pleading.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS **HEREBY ORDERED THAT**:

1. Plaintiff Mark Latimer must pay an initial partial filing fee of at least $4.39 within 20 days of the date of this Order.

2. Should Mr. Latimer fail to pay the initial partial filing fee within that timeframe, the Court will recommend that this action be dismissed without prejudice for failure to prosecute.

Dated: March 14, 2023

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

4