UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Latimer, | Case No. 23-cv-0190 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell, and William Bolin, | |
| Defendants. | |

This matter is before the Court on *pro se* Plaintiff Mark Latimer's Motion to Appoint Counsel. (Doc. 30.) In his Motion, Mr. Latimer asks the Court to assign him an attorney for trial.

Plaintiffs in civil proceedings do not have a constitutional or statutory right to appointed counsel. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). Instead, "[i]n civil rights matters the court may, pursuant to 28 U.S.C. § 1915, 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Foster v. Litman*, No. 19-cv-0260 (JNE/ECW), 2020 WL 4548281, at *5 (D. Minn. Aug. 6, 2020) (quoting *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982)). Before appointing counsel, a court must satisfy itself that an indigent plaintiff has made a good faith attempt to retain counsel and was unsuccessful. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). Then the court should determine whether the plaintiff and the court would benefit from the assistance of counsel. *Id.* Relevant factors

in determining whether appointing counsel is appropriate include "the factual complexity of the case, the ability of the indigent [party] to investigate the facts, the existence of conflicting testimony, the ability of the indigent [party] to present [their] claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986)).

Here, as a threshold matter, there is no record that Mr. Latimer sought counsel and was unsuccessful. Therefore, the Court cannot be satisfied that he made a good faith attempt to retain counsel. Moreover, Mr. Latimer does not provide any explanation in his motion about why the Court should appoint counsel to him. He asks only that the Court assign him an attorney for trial. According to the Pretrial Scheduling Order, this case is not scheduled to be ready for trial until July 8, 2024. (Doc. 24.) Therefore, appointment of counsel for trial, at this time, is premature.

The Court notes that the Clerk of Court has provided Mr. Latimer with a copy of the Court's Pro Se Civil Guidebook. (Doc. 27.) Correspondence from Mr. Latimer makes clear that he has received the Guidebook and has referenced it while representing himself. (Doc. 28.) Finally, if this case goes to trial, Mr. Latimer may renew his request for appointment of counsel at that time. *See Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam) (collecting cases).

Accordingly, based on all the files, records, and proceedings above, **IT IS ORDERED** that Mr. Latimer's Motion to Appoint Counsel (Doc. 30) is **DENIED WITHOUT PREJUDICE.**

3

Date: August 10, 2023

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge